IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SALIFOU FOFANA, | : |
| | : |
|     Petitioner, | : |
| | : |
| vs. | : |
| | :   CIVIL ACTION No. 07-00058-CB-B |
| | : |
| DAVID O. STREIFF[1], | : |
| | : |
|     Respondent. | : |
| | : |

**REPORT AND RECOMMENDATION**

Salifou Fofana, a native of Cote d'Ivoire, filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 challenging his continued detention by the U.S. Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). This matter has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c). Following a careful review of the record, it is recommended that the instant petition be dismissed as moot because Fofana is no longer in ICE custody, having been released from ICE custody pending deportation.

**I.    FINDINGS OF FACT**

1.    Fofana acknowledges that he is a native of Cote d'Ivoire, that

---

[1] The Court has added David O. Streiff, warden of the Perry County correctional facility, as a Respondent. According to 28 U.S.C. § 2242 and the longstanding custodian rule, the warden of the facility housing the petitioner is the proper Respondent in an action challenging present confinement under Section 2241. <u>Rumsfeld v. Padilla,</u> 542 U.S. 426, 435, 124 S.Ct. 2711, 2718, 28 L.Ed.2d (2004).

he entered the United States in 1989 as an exchange student, that he was charged as a removable alien for having overstayed his visa, and that an Immigration judge granted Fofana voluntary departure in lieu of deportation. (Id).

2. Fofana appealed the Immigration Judge's decision to the Board of Immigration Appeals, which affirmed the Immigration Judge's decision on October 31, 2002. (Id.). Fofana filed a motion to reopen deportation proceedings with the Bureau of Immigration Appeals, which the Bureau denied on June 2, 2003. (Id.). Fofana then departed the United States for Canada to apply for refugee status. His request was denied. After revocation of his Canadian parole, Fofana was returned to the United States and taken into ICE custody on June 29, 2006. (Id.).

3. On January 24, 2007, Fofana filed the instant petition for writ of habeas corpus, wherein he argues that his continued detention by ICE violate the provisions of 8 U.S.C. 1231(a)(6) as interpreted by the United States Supreme Court in Zavydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491 (2001). (Doc. 1 at 10).

4. On March 29, 2007, Fofana was released from ICE custody and placed on supervision. (Doc. 10, Exhibit A). On April 11, 2007, Respondents filed an answer contending that Fofana's habeas petition is moot in light of his release from custody. (Doc. 10).

5. On April 16, 2007, Fofana filed a "Prayers for Relief," wherein he indicates that he had been released from the Perry

County Correctional Facility, and is now residing at 998 Linwood Avenue, St. Paul, Minnesota 55105. (Doc. 11).  He also requests that this court enter an order barring Respondents from taking him into custody again.

**II.     CONCLUSIONS OF LAW**

1.   "In reviewing a petition for writ of habeas corpus by a detained alien who is subject to a final order of removal, a federal district court, pursuant to the authority of 28 U.S.C. § 2241(c)(3), is to gauge whether a particular set of circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal." He v. Gonzales, 2006 WL 1687796, *1 (W.D. La. 2006). Where, as here, a § 2241 petitioner has been released from federal custody pending deportation to his native country, thereby garnering the relief sought in filing his habeas corpus petition, the issue becomes whether there is any longer a live case or controversy or, instead, if the petition has become moot. See Id.

2.   The Eleventh Circuit has observed that "Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of 'Cases' and 'Controversies.'" Soliman v. United States ex rel. INS, 296 F.3d 1237, 1242 (11th Cir. 2002) (citation omitted); See also Al Najjar v. Ashcroft, 273 F.3d 1330, 1335 (11th Cir. 2001) (same).  Moreover, "[t]he doctrine of mootness derives directly from the case or controversy limitation because 'an action

that is moot cannot be characterized as an active case or controversy.'" Soliman, 296 F.3d at 1242.  Put another way, "a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief."  Therefore, "[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed."  In fact, "dismissal is required because mootness is jurisdictional." Id. (internal citations omitted).

3.  Several district courts have determined that where an alien is released from ICE custody pending removal from the United States, "his petition for habeas relief under Zavydas is moot." He, *supra*, 2006 WL 1687796, at *1; see also Abdalla v. Ashcroft, 2004 WL 2315089, *2 (W.D.N.Y. 2004) (Where the petitioner does not dispute he was released from administrative custody on January 30, 2004, the instant petition no longer presents a case or controversy pursuant to Article III, § 2 of the United States Constitution."), adopted by Abdalla v. Ashcroft, 2004 WL 2491646 (W.D.N.Y. 2004).

4.  In this case, Fofana acknowledges that he has been released from detention, but requests that this Court issue an order enjoining Respondents from taking him into custody in the future.  Fofana is in essence arguing that his case is not moot because he was released on supervision, and there exists the possibility that Respondents will revoke his supervision and detain him in the

4

future.  A very narrow exception to the mootness doctrine exists for those cases that are "capable of repetition yet evading review."  De La Tea v. United States, 321 F.3d 1357 (5th Cir. 2003). Two conditions must be met to invoke this doctrine: 1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration and 2) there exists a reasonable expectation that he same complaining party will be subjected to the same action again.  Christian Coalition of Alabama v. Cole, 355 F.3d 1288; 1293 (10th Cir. 2004).  A "remote possibility that an event might recur is not enough to overcome mootness, and even a likely recurrence is insufficient if there would be ample opportunity for review at that time.  Soliman v. United States, 296 F.3d 1237, 1243 (10th Cir. 2002).

     The evidence is undisputed that Fofana has been released from ICE custody and is now residing in Minnesota.  While he asserts that his native country of Cote d'Ivoire has made known that it will not approve travel documents for him at this time, Fofana has not presented any reasonable basis for his belief that Respondents may detain him in the future under similar circumstances.  In the absence of such a showing, this case does not meet the "narrow" exception to the mootness doctrine. Soliman, 296 F.3d at 242 ("this exception is 'narrow' and applies only in 'exceptional situations'")(citations omitted).  Thus, Fofana's habeas petition is moot as he is no longer detained.

5

**III. CONCLUSION**

The undersigned Magistrate Judge recommends that Fofana's petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241 be **DISMISSED** as moot.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this **23rd** day of **April 2007**.

                                                                       /s/ SONJA F. BIVINS  
                                            **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.   Objection.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

     A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   Transcript (applicable Where Proceedings Tape Recorded).  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

7